John C. West – 007233
jwest@bhfs.com
Shelley C. Nordling – 029223
snordling@bhfs.com
**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**
One East Washington Street, Suite 2400
Phoenix, AZ  85004
Telephone:  602.382.4040
Facsimile:  602.382.4020

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JDA Software, Inc. and JDA Software, Inc. Welfare Benefit Plan, | No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| Sergio Berumen and Sylvia Berumen, husband and wife; Jackson White P.C., an Arizona professional corporation, | |
| Defendants. | |

Plaintiffs JDA Software, Inc. ("JDA") and JDA Software, Inc. Welfare Benefit Plan (the "Plan") (collectively "Plaintiffs") hereby file their Complaint against Defendants Sergio Berumen ("Berumen") and Sylvia Berumen (the "Berumen Defendants"), and Jackson White P.C., ("Defendant JW") (collectively "Defendants") and allege:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff JDA Software, Inc. is a foreign corporation doing business in Maricopa County, State of Arizona.

2.     The Plan is an employee welfare benefit plan sponsored by JDA Software, Inc. providing specified health care benefits to its eligible participants.

3.      The Plan is an employee welfare benefit plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA") as codified in 29 U.S.C. §1001 *et seq*.

4.      JDA Software, Inc. is the Plan Sponsor for the Plan.

5.      The Berumen Defendants are husband and wife and residents of Maricopa County, State of Arizona.

6.      At all relevant times, Sergio Berumen was a participant in the Plan.

7.      Defendant JW is a law firm organized as an Arizona professional corporation and has its principle place of business in Maricopa County, State of Arizona.

8.      This is an action brought under 29 U.S.C. § 1132(a)(3) by the Plan fiduciary against the Defendants for equitable and injunctive relief.

9.      The Plan seeks reimbursement from Berumen's third party tort recoveries pursuant to the terms of the Plan.

10.     The Plan also seeks reimbursement from Defendant JW for unlawful misappropriation of Berumen's third party tort recoveries in contravention of the Plan's right to reimbursement.

11.     This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e), where Congress gave jurisdiction to Federal Courts to enforce the terms of an ERISA Plan and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Venue is proper as the controversy alleged herein arises out of the Plan which was entered into by the Berumen Defendants in Maricopa County, State of Arizona.

## **GENERAL ALLEGATIONS**

13.     Plaintiffs incorporate and reallege each of the allegations contained in the preceding paragraphs of this Complaint as though set forth verbatim herein.

14.     On or about March 27, 2010, Defendant Sergio Berumen was injured in a motor vehicle collision (the "Collision").

15.     At the time of the Collision, Berumen was a participant in the Plan.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

2

16.    As of the date of this Complaint, the Plan has paid $342,638.81 for Berumen's medical expenses incurred as a result of the Collision.  This amount is subject to revision as additional medical expenses incurred as a result of the Collision are paid by the Plan.

17.    Upon information and belief, after the Collision, Berumen litigated against several third parties for recovery of damages sustained by Berumen as a result of the Collision.

18.    Upon information and belief, Berumen received payment by settlement with those third parties in the amount of $1,370,000.00 for injuries and damages sustained in the Collision.

19.    The Plan's Summary Plan Description (the "Plan Document") sets forth the details of the Plan.

20.    The Plan Document provides that if the Berumen Defendants accepted medical benefits as a result of an injury caused by any third party, the Plan has the right to subrogation and reimbursement from any payments or settlements as the result of claims against that third party.

21.    The Plan Document states:

> ***Right to Subrogation***
> The right to subrogation means the Plan is substituted to any legal claims that you may be entitled to pursue for Benefits that the Plan has paid.  Subrogation applies when the Plan has paid Benefits for a Sickness or Injury for which a third party is considered responsible, e.g. an insurance carrier if you are involved in an auto accident.
>
> The Plan shall be subrogated to, and shall succeed to, all rights of recovery from any or all third parties, under any legal theory of any type, for 100 percent of any services and Benefits the Plan has paid on your behalf relating to any Sickness or Injury caused by any third party.
>
> ***Right to Reimbursement***
> The right to reimbursement means that if a third party causes a Sickness or Injury for which you receive a settlement, judgment, or other recovery, you must use those proceeds to fully return to the Plan 100% of any Benefits you received for that Sickness or Injury.

*        *        *

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

*Subrogation and Reimbursement Provisions*
As a Covered Person, you agree to the following:

- The Plan has a first priority right to receive payment on any claim against a third party before you receive payment from that third party.

- The Plan's subrogation and reimbursement rights apply to full and partial settlements, judgments, or other recoveries paid or payable to you or your representative, no matter how those proceeds are captioned or characterized. Payments include, but are not limited to, economic, non-economic, and punitive damages. The Plan is not required to help you to pursue your claim for damages or personal injuries, or pay any of your associated costs, including attorneys' fees. No so-called "Fund Doctrine" or "Common Fund Doctrine" or "Attorney's Fund Doctrine" shall defeat this right.

- The Plan may enforce its subrogation and reimbursement rights regardless of whether you have been "made whole" (fully compensated for your injuries and damages).

- You will cooperate with the Plan and its agents in a timely manner to protect its legal and equitable rights to subrogation and reimbursement, including, but not limited to:

  — Complying with the terms of this section.

  — Providing any relevant information requested.

  — Signing and/or delivering documents at its request.

  — Appearing at medical examinations and legal proceedings, such as depositions or hearings.

  — Obtaining the Plan's consent before releasing any party from liability or payment of medical expenses.

- If you receive payment as part of a settlement or judgment from any third party as a result of a Sickness or Injury, and the Plan alleges some or all of those funds are due and owed to it, you agree to hold those settlement funds in trust, either in a separate bank account in your name or in your attorney's trust account. You agree that you will serve as a trustee over those funds to the extent of the Benefits the Plan has paid.

- If the Plan incurs attorneys' fees and costs in order to collect third party settlement funds held by you or your representative, the Plan has the right to recover those fees and costs from you.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

- You may not accept any settlement that does not fully reimburse the Plan, without its written approval.
- You will assign to the Plan all rights of recovery against third parties to the extent of Benefits the Plan has provided for a Sickness or Injury caused by a third party.
- The Plan's rights will not be reduced due to your own negligence.
- The Plan may file suit in your name and take appropriate action to assert its rights under this section. The Plan is not required to pay you part of any recovery it may obtain from a third party, even if it files suit in your name.

*       *       *

- Your failure to cooperate with the Plan or its agents is considered a breach of contract. As such, the Plan has the right to terminate your Benefits, deny any future Benefits, take legal action against you, and/or set off from any future Benefits the value of Benefits the Plan has paid relating to any Sickness or Injury caused by any third party to the extent not recovered by the Plan due to you or your representative not cooperating with the Plan.
- If a third party causes you to suffer a Sickness or Injury while you are covered under this Plan, the provisions of this section continue to apply, even after you are no longer a Covered Person.

22.   On or about June 2, 2010, Defendants were notified in writing of Plaintiffs' Notice of Lien/Claim for medical expenses paid on behalf of Berumen for the injuries he sustained as a result of the Collision pursuant to the ERISA-qualified Plan.

23.   On or about July 23, 2010, Defendants were provided a written summary of medical expenses paid by the Plan on behalf of Berumen in connection with the Collision, and notified that the amount of the lien may increase if additional health benefits were paid.

24.   The Plan has made written demand upon Defendants requesting reimbursement to the Plan in the amount of $342,638.81 for medical expenses paid by the Plan out of the third party settlement funds.

25.   Defendants have neglected, refused and failed to reimburse the Plan for those medical expenses paid by the Plan.

1

**CAUSES OF ACTION**

2

**COUNT ONE**

3

**(Equitable Relief – Equitable Lien by Agreement - 29 U.S.C. § 1132(a)(3)(B) –
Berumen Defendants)**

4      26.    Plaintiffs incorporate and reallege each of the allegations contained in

5    Paragraphs 1-25 of this Complaint as though set forth verbatim herein.

6      27.    Under 29 U.S.C. § 1132(a)(3)(B), Plaintiffs bring this action to obtain

7    appropriate equitable relief to enforce the terms of the Plan.

8      28.    An equitable lien by agreement is a form of equitable relief authorized by

9    Section 1132(a)(3)(B).   *Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 U.S. 356, 364-65

10   (2006).

11     29.    Under the terms of the Plan Document, the Berumen Defendants promised

12   to reimburse the Plan for medical benefits paid under the Plan in the event of a recovery

13   from a third party.

14     30.    The Plan Document specifically identifies a particular fund, distinct from

15   the Berumen Defendants' general assets from which the Plan will be reimbursed.

16     31.    The specifically identifiable fund is the fund constituting the settlement

17   proceeds from Berumen's third party tort recoveries.

18     32.    The funds specifically identified by the Plan are within the possession and

19   control of Berumen, or his attorneys, on Berumen's behalf.

20     33.    The Plan's reimbursement claim is considered equitable, as required by

21   ERISA, because it is an action to enforce an equitable lien established by agreement

22   where the enforcement of the equitable lien is on particular property.

23     34.    Contrary to the Plan's claims, the Berumen Defendants have made written

24   assertions on various grounds disputing the Plan's right to reimbursement for the medical

25   expenses it paid on behalf of Berumen.

26     35.    In spite of the fact that Plaintiffs have an equitable lien by agreement, the

27   Berumen Defendants refuse to reimburse the Plan the full amount of its ERISA lien.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

36.     As a result of the Berumen Defendants' refusal to comply with the terms of the Plan, Plaintiffs have been unable to enforce their equitable lien by agreement in an amount not less than $342,638.81.

37.     Equity demands that the Plaintiffs' equitable lien by agreement be enforced pursuant to 29 U.S.C. § 1132(a)(3)(B).

38.     Plaintiffs are entitled to recover their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## COUNT TWO
### (Equitable Relief – Restitution – 29 U.S.C. § 1132(a)(3)(B) – Defendant JW)

39.     Plaintiffs incorporate and reallege each of the allegations contained in Paragraphs 1-38 of this Complaint as though set forth verbatim herein,

40.     Pursuant to Section 502(a)(3), *Harris Trust and Savings Bank v. Salomon Smith Barney*, 530 U.S. 238 (2000) and *CGI v. Rose*, 683 F.3d 1113 (2012) (abrogated on other grounds) the Defendant JW is an appropriate defendant in this action.

41.     Defendant JW, as attorneys for Berumen, were and are in possession of Berumen's third party tort recoveries.

42.     Upon information and belief, the Defendant JW reduced the amounts available to the Plan to less than the Plan's claim by paying themselves attorneys' fees and costs prior to reimbursement of the Plan or adjudication of the reimbursement rights of the Plan.

43.     An action for restitution against Defendant JW as a transferee of tainted plan assets satisfies the appropriateness criterion in Section 502(a)(3). *Harris Trust and Savings Bank*, 530 U.S. at 253.

44.     Upon information and belief, Defendant JW misappropriated the Plan's funds in an unlawful way.

45.     Upon information and belief, Defendant JW had actual and constructive knowledge that the transactions referenced in Paragraph 42 were unlawful.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

46.    Upon information and belief, the attorneys' fees and costs are traceable back to funds or assets in the possession of Defendant JW.

47.    Pursuant to Section 502(a)(3), the conduct of Defendant JW is clearly wrongful and equity demands that Defendant JW provide restitution to the Plaintiffs for all misappropriated amounts referenced in Paragraph 42.

48.    Plaintiffs are entitled to recover their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## COUNT THREE
### (Intentional Interference with Contractual Relations – Defendant JW)

49.    Plaintiffs incorporate and reallege each of the allegations contained in Paragraphs 1-48 of this Complaint as though set forth verbatim herein,

50.    Defendant JW, as attorneys for Berumen, were and are in possession of Berumen's third party tort recoveries.

51.    Upon information and belief, Defendant JW diminished the Plan's right to recovery by paying other individuals or entities out of the funds due and owing to the Plan without the Plan's permission.

52.    Upon information and belief, Defendant JW unlawfully misappropriated at least $25,638.81 of the Plan's funds by entering into transactions prohibited under the Plan thereby intentionally interfering with the Plan's agreement with Berumen.

53.    Defendant JW had actual and constructive knowledge that the transactions referenced in Paragraphs 51 through 52 were unlawful.

54.    The conduct of Defendant JW constitutes tortious and intentional interference with the Plan's agreement with Berumen and Defendant JW is liable for reimbursement to the Plaintiffs of all misappropriated amounts which total no less than $25,638.81.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

## COUNT FOUR
### (Injunctive Relief - 29 U.S.C. § 1132(a)(3)(A) – All Defendants)

55.     Plaintiffs incorporate and reallege each of the allegations contained in Paragraphs 1-54 of this Complaint as though set forth verbatim herein.

56.     Pursuant to Section 502(a)(3)(A) of ERISA, a fiduciary may bring an action to enjoin any act or practice which violates the terms of the Plan.

57.     The Defendants are refusing to release the third party tort recovery funds owed to Plaintiffs under the terms of the Plan Document and are prejudicing the Plan's right to recovery.

58.     Berumen, or his attorneys on his behalf, is in possession of funds that are property of the Plan.

59.     Those specifically identifiable funds should be ordered set aside and preserved to protect the ERISA Plan's right to reimbursement under the terms of the Plan.

60.     If Defendants are permitted to disburse the funds, the Plan's ability to recover the medical benefits paid will be severely reduced, if not extinguished.

61.     Unless the Defendants are enjoined from disbursing the settlement funds, the Plan will suffer irreparable injury.

62.     The entry of an injunction will not harm the Defendants and is in keeping with public policy of preserving the integrity of ERISA.

## COUNT FIVE
### (Declaratory Relief – All Defendants)

63.     Plaintiffs incorporate and reallege each of the allegations contained in Paragraphs 1-62 of this Complaint as though set forth verbatim herein.

64.     Under 29 U.S.C. § 1132(a)(3)(B)(ii), Plaintiffs bring this action to enforce the terms of the Plan as permitted by ERISA.

65.     An equitable lien by agreement is a form of equitable relief authorized by Section 1132(a)(3)(B).   *Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 U.S. 356, 364-65 (2006).

66.     Under the terms of the Plan Document, Berumen promised to reimburse the Plan for medical benefits paid under the Plan in the event of a recovery from a third party.

67.     The Plan Document specifically identifies a particular fund, distinct from Berumen's general assets from which the Plan will be reimbursed.

68.     The specifically identifiable fund is the fund constituting the settlement proceeds from Berumen's third party tort recovery.

69.     The funds specifically identified by the Plan are within the possession and control of Berumen, or his attorneys, on Berumen's behalf.

70.     The Plan's reimbursement claim is considered equitable, as required by ERISA, because it is an action to enforce an equitable lien established by agreement where the enforcement of the equitable lien is on particular property.

71.     Contrary to the Plan's claims, the Berumen Defendants have made written assertions that the Plan is not entitled to reimbursement for the medical expenses it paid on behalf of Berumen.

72.     In spite of the fact that Plaintiffs have an equitable lien by agreement, the Defendants refuse to reimburse the Plan the full amount of its ERISA lien, and upon information and belief, have disbursed certain funds without reimbursing the Plan.

73.     Despite the Plan's claims, the Defendants have refused to fulfill their obligations under the Plan Document and have repudiated the Plan's rights.

74.     Therefore, a dispute has arisen and an actual controversy exists between the Plan and the Defendants with regard to proper interpretation and application of the Plan.

75.     A declaration of rights, responsibilities and obligations of the Plan and the Defendants is required to determine the respective rights and obligations of the parties hereto.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

**PRAYER FOR RELIEF**

WHEREFORE, having set forth their claims against the Defendants, the Plan respectfully requests judgment as follows:

A. For equitable relief under 29 U.S.C. § 1132(a)(3)(B) to enforce the Plan's equitable lien by agreement which requires enforcement of the reimbursement rights of the Plan;

B. For equitable relief under 29 U.S.C. § 1132(a)(3)(B) to provide restitution to the Plaintiffs from Defendant JW as transferee of ill-gotten Plan funds arising out of Berumen's third party recoveries;

C. For an Order recognizing Defendant JW's intentional interference with the Plan's contract with Berumen and ordering damages in an amount no less than $25,368.81 from the general assets of Defendant JW;

D. For an Order recognizing the Plan's ERISA equitable lien by agreement over the settlement funds and ordering release of $342,638.81 to the Plan;

E. For injunctive relief under 29 U.S.C. § 1132(a)(3)(A) to enjoin the Defendants from violating the terms of the Plan by continuing to refuse to reimburse the Plan out of the settlement proceeds;

F. For injunctive relief under 29 U.S.C. § 1132(a)(3)(A) to enjoin the Defendants from disbursing $342,638.81 from Berumen's settlement proceeds;

G. For a Declaratory Judgment affirming and enforcing the reimbursement rights of the Plan;

H. That all recoveries due or collected from third parties to Berumen be held in trust for the benefit of the Plan;

I. For Plaintiffs' reasonable attorneys' fees and costs;

J. For pre-judgment and post-judgment interest at the legal rate; and

K. For such other and further relief that the Court deems proper.

1    DATED this 10th day of July, 2014.

2                                        BROWNSTEIN HYATT FARBER
                                         SCHRECK, LLP
3

4                                        By: _s/John C. West_____
                                             John C. West
5                                            Shelley C. Nordling
                                             One E. Washington Street, Suite 2400
6                                            Phoenix, AZ  85004
                                             Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28